RUCKER, J.,
dissenting.
What apparently began as an investigation for obstruction of justice morphed at some point into a charge and eventual conviction for failure to report child abuse. Reasoning that the evidence was sufficient to sustain the conviction the majority affirms the conviction. For reasons expressed below I cannot join the majority on this point and thus respectfully dissent. In all other respects I concur in result.
The charged offense requires reference to no fewer than five separate statutory provisions contained in two different titles and four different articles of the Indiana Code.[1] To begin, Smith was prosecuted pursuant to Indiana Code section 31-33-22-l(a) which provides: “A person who knowingly fails to make a feport required by IC 31-33-5-1 [Chapter 5] commits a Class B misdemeanor.” In turn Chapter 5 (entitled “Duty to Report Child Abuse or Neglect”) includes Section 1 entitled “Duty to make report” which provides in relevant part: “[A]n individual who has reason to believe that a child is a victim of child abuse or neglect shall make a report as required by this article.” I.C. § 31-33-5-1. This section does not include a definition of “child abuse or neglect” or tell us the meaning of “reason to believe,” but in a different article (Article 9, entitled “Definitions”) contained within Title 31 we pick up the trail: “ ‘Child abuse or neglect’, for purposes of IC 31-32-11-1, IC 31-33, IC 31-34-7-4, and IC 31-39-8-4, refers to a child who is alleged to be a child in need of *693 services as described in IC 31-34-1-1 through IC 31-34-1-5....” I.C. § 31-9-2-14. Next, “ ‘[r]eason to believe’, for purposes of IC 31-33, means evidence that, if presented to individuals of similar background and training, would cause the individuals to believe that a child was abused or neglected.” I.C. § 31-9-2-101. For further elucidation on the definition of “child abuse or neglect” we are referred to Article 34 in the same title, entitled “Juvenile Law: Children in Need of Services.” Within that article we find Chapter 1 (“Circumstances Under Which a Child Is a Child in Need of Services”) and therein find Section 3 (“Victim of sex offense; living in household with victim of sex offense”).[2]
And finally, when we examine Title 35 (“Criminal Law and Procedure”), Article 42 (“Offenses Against the Person”) we find in Chapter 4 (“Sex Crimes”), Section 1 (“Rape”) the following relevant language: “[A] person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when ... the other person is compelled by force or imminent threat of force ... commits rape, a Class B felony.” I.C. § 35-42-4-1.
After painstakingly parsing the multiple statutes involved, the majority concludes that the “reason to believe” language in section 31-33-5-1 refers only to the existence of the underlying facts and not to whether those facts constitute child abuse. The latter question, the majority contends, is clearly answered by dissecting the numerous statutory provisions cross-referenced from section 31-33-5-1. Thus, the majority confines the question to whether “Smith had reason to believe G.G. was a victim of rape.” Slip op. at 17. I disagree. In my view the real question is whether “the evidence was sufficient to show that Smith had reason to believe G.G. was the victim of child abuse by virtue of her rape allegation.” Slip op. at 23. And though the majority views this as a typical sufficiency question — viewing the evidence and all reasonable inferences drawn from it in the light most favorable to the conviction — I believe it involves a matter of statutory interpretation, which we review de novo. See N.L. v. State, 989 N.E.2d 773, 777 (Ind.2013).
The statutes at issue are ambiguous, confusing, complex, and interwoven. Under the rule of lenity we construe criminal statutes strictly against the state and resolve ambiguities in favor of the accused. Shuai v. State, 966 N.E.2d 619, 628 (Ind.Ct.App.2012), trans. denied; cf. Healthscript, Inc., 770 N.E.2d at 815 (employing the rule of lenity and constitutional doctrine in concluding a link in statutory language was “too attenuated” to support prosecution). Here, the evidence at trial demonstrated: (1) all witnesses with “similar background and training” to that of Smith did not think the rape of a minor student by another minor student consti *694 tuted “child abuse”; (2) the DCS itself did not interpret the report of this event to be child abuse; and (3) a “Child Abuse Prevention & Reporting” pamphlet funded by the local DCS and revised with input of the very prosecutor’s office prosecuting this case instructs that child abuse can include “[s]exual abuse” which it defines as “[a]ny sexual act between an adult and child.” Defendant’s Ex. A at 5. This evidence compels me to conclude that as applied to this case the critical inquiry is whether Smith knew or should have known that rape of a minor student by another minor student constituted “child abuse.” In my view the evidence is clear. He did not.
Further I depart from the majority’s view that its interpretation of the statute is necessary to effectuate the statutory purposes of encouraging child abuse reporting and providing fast and effective protection and rehabilitation for abused children. Specifically, I disagree with the suggestion that the alternative would “remove all incentives from any such professionals to understand the scope of [their] statutory duty,” “chill reporting of child abuse or neglect,” “tacitly encourage administrators and other professionals to simply not read the statutes in full,” and “reward systemic ignorance in entire school districts and corporations.” Slip op. at 21, 22. Such a position ignores that commitment to the well-being of children is inherent in the role of the education professional.
Because the State failed to demonstrate that Smith knowingly failed to report an event that he had reason to believe was child abuse, his conviction should be vacated.
DICKSON, C.J., concurs.

. The Indiana Code is divided into 36 "titles.” "Each title is further subdivided, first, into 'articles,' then 'chapters,' and then ‘sections.’ " Healthscript, Inc. v. State, 770 N.E.2d 810, 816 n. 7 (Ind.2002). The citation "Ind.Code § 31-33-22-1” refers to Section 1 ("Failure to make report") of Chapter 22 ("Offenses; Access to Unsubstantiated False Reports”) of Article 33 ("Juvenile Law: Reporting and Investigation of Child Abuse and Neglect”) of Title 31 ("Family Law and Juvenile Law”).

. The statute provides in relevant part:
(a) A child is a child in need of services if, before the child becomes eighteen (18) years of age:
(1) the child is the victim of a sex offense under:
(A) IC 35-42-4-1;
(B) IC 35-42-4-2;
(C) IC 35-42-4-3;
(D) IC 35-42-4-4;
(E) IC 35-42-4-7;
(F) IC 35-42-4-9;
(G) IC 35-45-4-1;
(H) IC 35-45-4-2;
(I) IC 35-46-1-3; or
(J) the law of another jurisdiction, including a military court, that is substantially equivalent to any of the offenses listed in clauses (A) through (I); and
(2) the child needs care, treatment, or rehabilitation that:
(A) the child is not receiving; and
(B) is unlikely to be provided or accepted without the coercive intervention of the court.
I.C. § 31-34-1-3.